**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| EDWARD J. BAUMBACH, | : | **CIV. NO. 19-9201(RMB)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LISA-RENEE MILLS, | : | |
| | : | |
| Defendants | : | |

**BUMB, United States District Judge**

On October 11, 2018, Plaintiff Edward J. Baumbach, a prisoner confined in South Woods State Prison, filed a civil rights action under 42 U.S.C. § 1983, Civil Action No. 18-15008(RMB-KMW). The Court granted Plaintiff's IFP application under 28 U.S.C. § 1915(a) but dismissed the Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C § 1997e(c) for failure to state a claim. (Civil Action No. 18-15008(RMB-KMW), Opinion, ECF No. 3; Order, ECF No. 4.) The Court directed Plaintiff to file an amended complaint within 30 days and noted that if Plaintiff failed to reopen the case within 30 days, he would need to initiate a new civil action, subject to the statute of limitations at the time of filing and payment of a new filing fee or IFP application under 28 U.S.C. § 1915(a). (Civil Action No. 18-15008(RMB-KMW), Order, ECF No. 4.)

On March 25, 2019, the Court received Plaintiff's request to file his complaint in a new action and directed the Clerk to file Plaintiff's complaint in this new action. (Order, ECF No. 1.) Plaintiff has submitted his complaint and an application to proceed IFP under 28 U.S.C. § 1915(a), which establishes his financial eligibility to proceed IFP and will be granted. (Compl., ECF No. 2; IFP App., ECF No. 2-1)

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court will dismiss the Complaint with prejudice.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent

2

standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Complaint

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1).

> On July 11, 2018, Plaintiff told the nurse on duty at morning pill call on his housing unit (1-1-k) that he was having chest pains. The nurse called a "Code 53" and Plaintiff was given "Nitro." Thirty minutes later, Plaintiff was given Maalox. The Plaintiff saw a Nurse Practitioner on July 13, 2018 and she sent him back to his Unit. On July 14, 2018, Plaintiff saw a nurse on sick call and she gave him "Acid Gas" pills for the chest pains that he complained of that day. Plaintiff also complained of shortness of breath and wheezing but no chest x-ray was ordered. On July 19, 2018, Plaintiff was scheduled for a chest x-ray on July 23, 2018. Plaintiff was rushed to the hospital on July 21, 2018.
>
> When the Plaintiff saw the Nurse Practitioner on July 13, 2018, the Nurse Practitioner refused to treat Plaintiff. She did not misdiagnose the Plaintiff at all that day but

4

> instead she gave him an antacid rather than treat him for a serious heart condition. Plaintiff explains that the "Code 53" is a medical emergency call in the prison.
>
> Plaintiff now has to wear a heart monitor and has had surgery to place a Pacemaker in Plaintiff's chest.

(Compl., ECF No. 2, ¶6.)

    B.    <u>Claims Under 42 U.S.C. § 1983</u>

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. (Compl., ECF No. 2, ¶1a.) "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' Gregg v. Georgia, [426 U.S. 153,] 173 [1976] (joint opinion), proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Allegations of malpractice are insufficient to establish a constitutional violation. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). "'[M]ere disagreement as to the proper medical treatment' is also insufficient." Id. (quoting Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)).

Deliberate indifference to serious medical needs may be shown where a medical professional intentionally inflicts pain on a prisoner or where a prison authority denies a reasonable request for medical treatment, exposing an inmate to undue suffering or threat of tangible residual injury or "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care.'" Spruill, 372 F.3d at 235 (quoting Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985)) (alterations in original)).

Plaintiff alleges Nurse Mills refused to treat him on July 13, 2018 but he also alleges that she gave him antacid rather than treating him for a serious heart condition. Despite Plaintiff's

6

contention that he does not allege Nurse Mills misdiagnosed him, treating his chest pain as indigestion rather than a heart condition involved either misdiagnosis or disagreement with treatment, not deliberate indifference.

"[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (quoting Estelle, 429 U.S. at 105). Permitting Plaintiff to amend the complaint to allege an Eighth Amendment claim against Nurse Mills for her conduct on July 13, 2018 is futile because Nurse Mills provided Plaintiff with medical treatment and was therefore not deliberately indifferent. The Court will dismiss this claim with prejudice.

C. Malpractice Claim

Plaintiff does not assert a claim under the New Jersey Tort Claims Act but he alleged "the defendant was negligent in her duty of care as a professional medical person by disregarding Plaintiff's two prior heart attacks as well as disregarding Plaintiff's medical history, resulting in inadequate medical care." (Compl., ECF No. 2, ¶4b.) If plaintiff wishes to bring a state law negligence/malpractice claim against Nurse Mills, he must comply with the procedural requirements of the New Jersey

7

Tort Claims Act. See Melber v. U.S., 527 F. App'x 183, 184-85 (3d Cir. 2013) ("[b]ecause sovereign immunity would ordinarily preclude tort claims made against [] state employees, [the plaintiff] had to satisfy procedural requirements of the [New Jersey Tort Claims] Act to abrogate their sovereign immunity.")

The New Jersey Tort Claims Act provides that "[n]o action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. § 59:8-3. "[T]he Act requires a claimant to sign and file a notice of tort claim (a "Notice of Claim") with the public entity within 90 days from accrual of the cause of action." Tripo v. Robert Wood Johnson Med. Ctr., 845 F. Supp. 2d 621, 626 (D.N.J. 2012) (citing N.J.S.A. § 59:8–8).

A plaintiff may file a late notice of claim under certain circumstances. N.J.S.A. § 59:8-9 provides:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the *Superior Court*, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary

> circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

(emphasis added).

If Plaintiff wishes to pursue a New Jersey tort claim, he should first comply with the procedural requirements of the New Jersey Tort Claims Act before filing such an action in state court. This Court does not have jurisdiction over New Jersey state laws and unless Plaintiff has diversity jurisdiction under 28 U.S.C. § 1332, he should bring his New Jersey tort claim in state court.

III. CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice.

An appropriate order follows.

DATE: May 3, 2019

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

9