**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| EDWARD J. BAUMBACH, | : | **CIV. NO. 19-9201 (RMB-AMD)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| LISA-RENEE MILLS, NP, SOUTH WOOD STATE PRISON MEDICAL DEPARTMENT, | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

This matter comes before the Court upon Plaintiff's letter request to reopen this matter and submit his Second Amended Complaint. (Letter, ECF No. 5.)[1] By Opinion and Order dated May 3, 2019, this Court granted Plaintiff's IFP application and screened his (first) Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). (Opinion, ECF No. 3; Order, ECF No. 4.) The Court dismissed the Amended Complaint without prejudice for failure to state a claim. (Id.) Plaintiff's letter request appears to contain the substance of his proposed Second Amended Complaint, and the Court will screen it as such.

---

[1] Plaintiff refers to his proposed amended complaint as his Third Complaint (ECF No. 5 at 1), but the Court will refer to it as his Second Amended Complaint.

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Second Amended Complaint

Plaintiff alleges the following facts in his Second Amended Complaint, accepted as true for purposes of screening pursuant to 28 U.S.C. § 1915(e)(2)(B); § 1915A(b) and 42 U.S.C. § 1997e(c)(1). On July 13, 2018, Nurse Mills refused to treat Plaintiff for a serious heart condition, and instead gave him an antacid. (Second Am. Compl., ECF No. 5 at 1.) This caused him to require implantation of a pacemaker. (Id.) Plaintiff's need for medical care was clear from his medical records, showing that he had two prior heart attacks. (Id.) Plaintiff alleges Nurse Mills violated

3

his constitutional rights and also asks the Court to assert jurisdiction over New Jersey state laws.

B. <u>42 U.S.C. § 1983</u>

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

C. <u>Eighth Amendment Inadequate Medical Care</u>

"Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." <u>Spruill v. Gillis</u>, 372 F.3d 218, 235

4

(3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (quoting Estelle v. Gamble, 429 U.S. 97, 10 (1976) (quoting Gregg v. Georgia, 428 U.S. 153 (1976)). Allegations of malpractice or disagreement as to the proper medical treatment are insufficient to establish a constitutional violation. Id.

Although Plaintiff tries to frame his claim as refusal to provide medical care, he alleges Mills treated his symptoms with antacid. Because Nurse Mills treated Plaintiff, Plaintiff's claim is one for malpractice rather than deliberate indifference to a serious medical need. See Bramson v. Sulayman, 251 F. App'x 84, 86 (3d Cir. 2007) (negligent failure to diagnose heart condition failed to state an Eighth Amendment claim). The Court will dismiss the § 1983 claim against Mills with prejudice because amendment of the claim is futile.

D. Medical Malpractice

Plaintiff does not explicitly assert a medical malpractice claim under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 *et seq.*, but he asks the Court to exercise jurisdiction over New Jersey state laws. (Second Am. Compl., ECF No. 5 at 2.) A federal court may only exercise supplemental jurisdiction over state law claims if the court has original jurisdiction over a related claim. See 28 U.S.C. § 1367(a). Because Plaintiff fails to state a federal claim under 42 U.S.C. § 1983, the Court may not exercise

supplemental jurisdiction over a state law claim. Plaintiff must bring his medical malpractice claim in state court.

III. CONCLUSION

For the reasons stated above, the Court will dismiss the Second Amended Complaint with prejudice for failure to state a claim.

An appropriate order follows.

DATE: **September 30, 2019**

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**